## CHOREMI v. UNITED STATES (two cases).

District Court, D. Massachusetts. August 25, 1928.

Nos. 3241, 3242.

Albert A. Schaefer and Ropes, Gray, Boyden & Perkins, all of Boston, Mass., for petitioner.

Frederick H. Tarr, U. S. Atty., and J. M. Leinenkugel, Sp. Asst. U. S. Atty., both of Boston, Mass.

MORTON, District Judge. These are suits under the Tucker Act to recover from the United States income taxes alleged to have been wrongfully exacted. The plaintiff is alleged in each petition to be "a citizen of Greece, residing and engaged in business in Alexandria, Egypt." In the first petition he is further alleged to have been a member of an English partnership having a branch office in Boston, and in the second petition to have been a member of a Massachusetts partnership located in Boston.

The defendant filed in each case a general demurrer, "that said petition * * * does not state a cause of action against this defendant," to which was added as a second point that "it does not appear from said petition * * * that this court has jurisdiction of the suit." Each demurrer begins: "Now comes the defendant by ———, its attorneys, and demurs to the petitioner's petition filed herein and says," etc. The defendant's appearance is not special; it is without reservation.

The only point argued for the defendant is that, as the plaintiff is not alleged to be a resident of this district, this court has no jurisdiction of the suit. In Hvoslef v. U. S., 237 U. S. 1, 35 S. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286, it was held that the residential requirement of the Tucker Act (see U. S. Comp. Stats. § 1575; 28 USCA § 762) "was but a modal and formal one, which could be waived, and must be deemed to be waived in the absence of specific objection upon this ground *before pleading to the merits.*" (Italics mine.) Hughes, J., at page 12 of 237 U. S. (35 S. Ct. 462). In Thames & Mersey Ins. Co. v. U. S., 237 U. S. 19, 35 S. Ct. 496, 59 L. Ed. 821, Ann. Cas. 1915D, 1087, a demurrer more strongly drawn than the present one was held to waive the requirement as to venue of the Tucker Act, the court saying:

"While the government asserted in its demurrer that it appeared specially, it raised by that pleading not simply the question of the jurisdiction of such a suit against the United States, but also that of the merits,

seeking, and thus obtaining, a decision as to the constitutionality of the tax, and hence of the insufficiency of the facts alleged to support a recovery. Such a demurrer is in substance 'a general appearance to the merits,' and is a waiver of objection with respect to the district in which the suit was brought." Hughes, J., at pages 24, 25, of 237 U. S. (35 S. Ct. 498).

In the present cases the demurrers contained no statement that the defendant appeared specially. On the authorities referred to, I am of opinion that the defendant must be held to have waived the question of venue. [2] There is, however, another point not argued for the defendant, which, as it involves a question of jurisdiction, must be noticed. The jurisdiction of this court is based on the Tucker Act, in connection with the provisions in the Judicial Code conferring on the District Courts jurisdiction of certain classes of claims against the government created by the Tucker Act. Judicial Code, § 24, cl. 20; U. S. Comp. Stats. § 991, at page 817; 28 USCA § 41(20). The right of aliens to sue the United States is expressly restricted by Judicial Code, § 155 (Comp. Stats. § 1146, 28 USCA § 261), to "citizens or subjects of any government which accords to citizens of the United States the right to prosecute claims against such government in its courts." There is no allegation in either petition that Greece accords such a right to our citizens. A necessary jurisdictional fact is therefore lacking.

It follows that both petitions must be dismissed for lack of jurisdiction.

So ordered.