AKTIEBOLAGET IMO–INDUSTRI v. UNITED STATES.

No. 45689.

Court of Claims.

April 3, 1944.

Robert A. Littleton, of Washington, D. C., for plaintiff.

Daniel F. Hickey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Fred K. Dyar, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and WHITAKER and MADDEN, Judges.

MADDEN, Judge.

The plaintiff, a Swedish corporation, made an agreement with the Pittsburgh Equitable Meter Company whereby the latter company was given the privilege of using the plaintiff's patents in the manufacture of meters. The Pittsburgh company paid $11,000 to the plaintiff for this privilege for the first two years of the arrangement, and was to pay, if it did not cancel the arrangement, royalties at a specified rate per meter thereafter. The Commissioner of Internal Revenue took the position that the $11,000 paid was a royalty payment, from which the American payer should have withheld a tax of $1,650 as required by Sections 119(a) (4), 143(b), and 144 of the Revenue Act of 1938, 52 Stat. 447, 26 U.S.C.A. Int.Rev.Code §§ 119 (a) (4), 143(b), 144. It collected the $1,-650 from the Pittsburgh company, which was reimbursed by the plaintiff.

The plaintiff, asserting that its transaction with the Pittsburgh company constituted an assignment or sale of a part of its patent rights which were incorporeal property situated in Sweden, and that upon that transaction no tax to the United States was due, filed a timely claim for refund, which was rejected. This suit followed.

Since the plaintiff is a corporation formed under the laws of the Kingdom of Sweden, Section 155 of the Judicial Code, 36 Stat. 1139, 28 U.S.C.A. § 261, seems to be applicable. That section says:

"Aliens who are citizens or subjects of any Government which accords to citizens of the United States the right to prosecute claims against such Government in its courts, shall have the privilege of prosecuting claims against the United States in the

848

Court of Claims, whereof such court, by reason of their subject matter and character, might take jurisdiction."

We think the plaintiff has the burden of showing that this apparent condition precedent to jurisdiction exists. It has made no such showing. Instead, it urges that Section 155 is not applicable, since Section 145 of the Judicial Code, 36 Stat. 1137, 28 U.S.C.A. § 250, confers jurisdiction upon the court to hear and determine, inter alia, claims founded upon "any law of Congress," and a claim for the refund of taxes illegally collected is such a claim. But Section 155 assumes that the alien's claim is one which satisfies the jurisdictional specifications of the statute defining the jurisdiction of the court as to "subject matter and character." We think that Section 155 denies consent to an alien, who does not show the reciprocal right to sue in the courts of his country, to sue on any claim in this court, unless the statute consenting to the suit on his particular type of claim is interpreted as not being qualified by Section 155. In the case of Russian Volunteer Fleet v. United States, 282 U.S. 481, 51 S.Ct. 229, 75 L.Ed. 473, the court construed the act of June 15, 1917, 40 Stat. 183, which provided for wartime expropriation of ships and for just compensation to be recovered in this court as not being qualified by Section 155. It was guided to that construction by the fact that the 1917 act provided a procedural method of fulfilling the requirement of the Fifth Amendment that "just compensation" be made to the owner, whether citizen or alien, when his property is expropriated for public use. We could not give that construction to the provision of the statute giving us jurisdiction over claims "founded upon * * * any law of Congress," Judicial Code, Section 145, 28 U.S.C.A. § 250, under which provision the plaintiff is suing, without substantially nullifying Section 155. Choremi v. United States, D.C., 28 F.2d 913.

We conclude, therefore, that the evidence fails to show that we have jurisdiction, and that the petition must be dismissed.

It is so ordered.